## 10418

### CROSWELL v. THE LEE COUNTY BOARD OF COMMIS-SIONERS.

#### (103 S. E. 518.)

COUNTIES—RURAL POLICEMEN NOT ENTITLED TO INCREASED PAY UNDER STATUTE; "COUNTY OFFICERS."—Acts 1918, p. 963, providing for increase of 20 per cent. in salaries of county officers, was intended to apply only to county officers whose salaries were fixed by the legislature, and did not apply to a rural policeman employed under an act leaving it largely in the discretion of the county board of commissioners as to what salary they should pay.

Before TOWNSEND, J., Lee, Spring term, 1919. Appeal dismissed.

Action by H. G. Croswell against The Lee County Board of Commissioners. Judgment for defendants, and plaintiff appeals.

The facts, with the order of the Circuit Judge, referred to in the opinion, were as follows:

The appellant, H. G. Croswell, on the 2d day of September, 1918, filed with the Lee county board of commissioners

a claim in proper form, as required by law, for $75, due said appellant, H. G. Croswell, from Lee county, for 20 per cent. increase in salary, as per terms of Act No. 519, of the Acts of 1918, page 963, as rural policeman and constable for magistrate, at Lucknow, S. C., from the 9th day of March, 1918, to August 9, 1918, a period of five months, at the rate of $75 per month, making a total of $75. Subsequent to the filing of said claim, to wit, on the 3d day of March, 1918, said board returned said claim to appellant herein, with the following indorsement thereon:

"Disapproved March 3, 1919, by C. T. Evans, supervisor. H. K. Pate, H. W. Woodward, J. S. Corbett."

Whereupon the said H. G. Croswell, in due time, served notice and grounds of appeal upon said board and later perfected said appeal. Said appeal was heard during the Spring term of the Court of Common Pleas for Lee county, before his Honor, W. H. Townsend, Judge, who made the following order:

This case comes before me upon an appeal from the ruling of the Lee county board of commissioners, and upon hearing the argument in said case, and upon reading the act creating the rural policemen for the county and State aforesaid, and upon reading the supply bills for said county. I hold that the plaintiff, while serving as rural policeman under the appointment of the county board of commissioners for said county and State, was a county officer, but that there is nothing in the supply bill of 1918, or any prior supply bills, which indicates or shows any intention on the part of the legislature to interfere with the discretion of the county board of commissioners in fixing the salary of their rural policemen; it appearing from the act creating rural policemen for said county that it is largely in the discretion of the county board of commissioners as to what salary they shall pay. It appears to me that the increase provided for in the supply bill of 1918, as well as other supply bills for

said county, was intended to apply only to such county officers whose salaries were fixed by the legislature. It is, therefore, ordered that the ruling of the county board of commissioners be, and the same hereby is, confirmed and made the order of this Court.

*Messrs. Tatum, Jennings,* and *Dusenburg,* for appellant, cite: *Case arose under Act No. 519, 30 Stat., p. 963. What is county officer:* 139 Am. St. Rep. 1030; 20 Ann. Cas. 418. *Qualifications:* Const., art. II, sec. 2. *Rural policemen:* 27 Stat. 906.

*Mr. C. B. Ruffin,* for respondent, cites: *Rural policeman not a county officer:* 27 Stat. 906. *And as such not entitled to increase provided for by act at 30 Stat. 963.*

June 28, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons assigned by his Honor, the Circuit Judge, the appeal is dismissed.